IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARON RAE RICHARDS DAVID,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 08-5296 |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

GENE E.K. PRATTER, J.                                                                                         APRIL 24, 2009

Ms. Sharon Rae Richards David brought this case against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., following a slip and fall accident on a walkway allegedly maintained as part of Independence National Historical Park. The United States moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56,[1] on the ground that Ms. David's claims are time-barred. For the reasons that follow, the Court grants the Rule 12 motion and dismisses the case with prejudice.

**I.      FACTUAL AND PROCEDURAL HISTORY**

The undisputed operative facts here reflect that on or about November 11, 2006, Ms. David slipped and fell on a walkway on the premises of Independence National Historical Park at Second Street in Philadelphia, Pennsylvania. Complaint at ¶¶ 7, 10, Exhibit A. Eleven months later, on October 10, 2007, Ms. David's counsel submitted an administrative claim to the

---

[1] Because the Court resolves this matter pursuant to Rule 12, the Court does not address the procedural issue of the possible propriety of its resolution as a matter of summary judgment. The Court notes that, in opposing the United States's motion papers, Ms. David takes no issue with the procedural alternative avenues chosen by the United States.

National Park Service ("NPS"), seeking $75,000 in damages for Ms. David's injuries. See Complaint at ¶ 5; Plaintiff.'s Answer to Defendant's Motion at Exhibit. A; Defendant's Memorandum in Support of Motion at Exhibit A.

By letter mailed on January 10, 2008, the NPS made Ms. David an offer of settlement. See Complaint at Exhibit A; Defendant's Memorandum in Support of Motion at Exhibit B. The NPS letter advised Ms. David that if she wished to ask for reconsideration of the offer, she needed to do so by responding via certified mail within six months of the date that the letter was mailed. Id. at 2. Alternatively, the letter stated, Ms. David could consider the offer of settlement a final agency determination of her claim and file suit in the appropriate federal district court within six months of the date that the letter was mailed. Id.

Ms. David admits that she did not request reconsideration of the settlement offer. See Plaintiff's Answer to Defendant's Motion at 4. Instead, as reflected on the Court's docket, on November 7, 2008, Ms. David commenced this suit.

## II.   STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss[2] tests the sufficiency of a complaint. See generally Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). In making such a determination, courts "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965

---

[2] Motions to dismiss Federal Tort Claims Act cases on the strength of the statute of limitations often invoke Federal Rule of Civil Procedure 12(b)(1). See cases cited in Discussion, Section III, infra. Here, the United States bases its motion to dismiss on Rule 12(b)(6). Under the circumstances of this case, the result is the same under the analysis of either Rule.

(stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

To evaluate a motion to dismiss, the Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the Court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." Hunter v. United States, No. 3:cv-00-0036, 2000 U.S. Dist. LEXIS 20206, at *7 (citing Pension Benefit Guaranty Corp. v. White Consolidated Industries. Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993). See also Dykes v. Southeastern Pennsylvania Transp. Authority, 68 F.3d 1564, 1567 (3d Cir. 1995).[3]

---

[3] Accordingly, the Court considers the contents of the NPS letter dated January 10, 2008, which is attached to Ms. David's Complaint as well as to the United States's Memorandum in Support of its Motion. The NPS letter demonstrates that, contrary to Ms. David's assertion that "[t]he within action is being filed six months from the date of the Administrative Determination and within two years of the date of the accident which gives rise to the claim in accordance with

**III.     DISCUSSION**

Section 2401(b) of the FTCA states,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues *or* unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added).  Ms. David argues that because she filed suit within two years after the date of her alleged injury, she is not barred by the Federal Tort Claims Act's ("FTCA's") statute of limitations.  See Plaintiff's Answer to Defendant's Motion at 4.  In essence, she argues that she only has to fulfill *one* of the *two* limitations periods set forth in 28 U.S.C. § 2401(b).

Section 2401(b) provides for two different limitations periods – a two year period following the date after the claim accrues, and a six month period after the mailing date of the

---

(Cont. . .)

28 U.S.C. §[]2401," Complaint at ¶ 6, Ms. David's complaint was actually filed more than 6 months after the administrative denial of her claim.
    The case docket reflects that Ms. David filed her complaint on November 7, 2008, which is almost ten months after January 10, 2008 - the date when NPS mailed its letter advising Ms. David that she could 1) accept NPS's settlement offer, 2) move for reconsideration of the offer within 6 months of the letter, or 3) consider the settlement offer a final agency determination of her claim, and file suit in the appropriate federal district court within six months of the date that the letter was mailed.  Ms. David does not argue that the NPS letter was anything *other* than a final agency determination of her claim.  At most, citing no caselaw, Ms. David states that the 6 month period following the denial of a claim "provides for a mandatory, administrative [sic] settlement process even if it extends the time in which [a] plaintiff can file suit beyond the applicable state statute of limitations."  Plaintiff's Answer to Defendant's Motion at 4.  Ms. David does not describe the kind of "settlement process" to which she is referring, does not assert that the United States failed to provide such a process for her, and does not argue that the statute of limitations should be tolled.

4

final denial of claim. Although the two limitations periods are connected by the word "or," not "and," the caselaw is clear that Section 2401(b) requires a plaintiff to satisfy *both* limitations provisions. See Ramming v. United States, 281 F.3d 158, 161-62 (5th Cir. 2001); Houston v. United States Postal Service, 823 F.2d 896, 902 (5th Cir. 1987); Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984); Miller v. United States, 741 F.2d 148, 150 (7th Cir. 1984); Willis v. United States, 719 F.2d 608, 612 (2d. Cir. 1983); Schuler v. United States, 628 F.2d 199, 201-02 (D.C. Cir. 1980) (en banc, per curiam); Davis v. United States, No. 05-1609, 2007 U.S. Dist. LEXIS 21392, at \*\*18-20 (W.D. Pa. Mar. 26, 2007); Campbell v. United States, No. 03-545 JJF, 2004 U.S. Dist. LEXIS 4947, at \*\*2-5 (D. Del. Mar. 23, 2004); Brown v. United States Post Office, 2002 U.S. Dist. LEXIS 5770, at \*\*3-4 (E.D. Pa. Apr. 4, 2002); White v. United States Dept. of Navy & Naval Hosp., No. 89-4785, 1990 U.S. Dist. LEXIS 277, at \*\*2-5 (E.D. Pa. Jan. 12, 1990); Myszkowski v. United States, 553 F. Supp. 66, 67-68 (N.D. Ill. 1982).

Although Ms. David filed her complaint within 2 years of her injury, it is undisputed that she filed it well more than 6 months after her claim was denied by the NSF letter. Ms. Davis's reading of Section 2401(b) has been rejected by numerous courts as demonstrated above and, according to a number of those courts that consulted such sources, is contrary to the legislative history of the FTCA.[4] Therefore, because Ms. David has not met the demands of Section

---

[4] The House Committee Report to Section 2401(b) states that a claimant must file a claim in writing to the appropriate Federal agency within 2 years after the claim accrues, *and to further require* the filing of a court action within 6 months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented.

H.R. Rep. No. 1532, 89th Cong., 2d Sess. 5 (1966) (quoted in Campbell, 2004 U.S. Dist. LEXIS 4947 at \*4) (emphasis added). Similarly, the Senate Report states, "A claim would have to be filed with the agency concerned within two years after it accrues *and* any tort action must be brought within 6 months after final denial of the administrative claim." S. Rep. No. 1327, 89th

2401(b), the Court will grant the United States's motion.

## IV.     CONCLUSION

For the reasons set forth above, the Court grants the United States's Motion to Dismiss or, Alternative, for Summary Judgment. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

Cong. 2d Sess. 1 (1966) (quoted in Campbell, 2004 U.S. Dist. LEXIS 4947 at *4) (emphasis added).